Case 1:21-cv-07539-AJN    Document 5    Filed 09/20/21    Page 1 of 14

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/2021



# Kule-Korgood
### & ASSOCIATES,

Michele Kule-Korgood*  
Joseph DaProcida  
Kira I. Epstein  

Of counsel  
Melissa S. Ayre**

*also admitted in District of Columbia  
**also admitted in New Jersey

September 17, 2021

**URGENT**

**VIA ECF**  
Honorable Alison J. Nathan  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, New York 10007

Re: <u>F.S. et al. v. New York City Department of Education, et al.</u>, 21-CV-07539 (AJN)

Dear Judge Nathan:

I am the attorney representing Plaintiffs in the above-referenced matter. Exhibit One was incorrectly submitted as only partially redacted. I write on behalf of the Plaintiffs to respectfully request that the Court (i) permit me to file the attached Exhibit One in redacted form; and (ii) seal the un-redacted version. The requested redaction and sealing order is necessary to avoid personal identifying information from being entered into the record.

Thank you for your consideration of these requests.

**SO ORDERED.** *[signature]*  
9/20/2021

Respectfully submitted,

/s/ Michele Kule-Korgood

Michele Kule-Korgood  
Attorney for Plaintiffs



&lt;educationlawny@gmail.com&gt;

# DECISION FOR S , I , CASE # 166745
1 message

**DoNotReply@schools.nyc.gov** &lt;DoNotReply@schools.nyc.gov&gt;     Thu, Sep 13, 2018 at 11:08 AM
To: "esmall@educationlawny.com" &lt;esmall@educationlawny.com&gt;, "educationlawny@gmail.com" &lt;educationlawny@gmail.com&gt;

```
======================================================
The New York City Department of Education
Impartial Hearing Office
131 Livingston Street - Room 201
Brooklyn, New York 11201
======================================================
```

Attached please find the hearing officer's decision in the referenced matter.

Case #: 166745
Student: S        , I
Date of Birth:    1999
OSIS #:
Service District: 75
Home District: 27

Attorney/Advocate Contact:
Eric Small
Kule-Korgood and Associates, P.C.
118-35 Queens Boulevard 17th Floor
Froset Hillls, NY 11375
Telephone: (718) 261-0181
Email: esmall@educationlawny.com;educationlawny@gmail.com


Parent/Guardian Contact:
F       S       , MOTHER



Department of Education Representative:
Office: Committee on Special Education 06
District: 22
Contact: David Mark
Telephone: (718) 968-6310
Email: dmark@schools.nyc.gov

---

📄 **166745- FOFD.pdf**
491K

# FINDINGS OF FACT AND DECISION

| | |
|---|---|
| Case Number: | 166745 |
| Student's Name: | I  S |
| Date of Birth: | 1999 |
| District: | 22 |
| Hearing Requested By: | Parent |
| Date of Hearing: | July 26, 2017<br>September 26, 2017<br>October 18, 2017<br>February 8, 2018<br>March 6, 2018<br>June 6, 2018<br>July 31, 2018 |
| Actual Record Closed Date: | August 31, 2018 |
| Hearing Officer: | Martin J. Kehoe, Esq. |

NAMES AND TITLES OF PERSONS WHO APPEARED ON JULY 26, 2017

For the Student:

ERIC SMALL, ESQ., Attorney

For the Department of Education:

NONE

NAMES AND TITLES OF PERSONS WHO APPEARED ON SEPTEMBER 26, 2017

For the Student:

ERIC SMALL, ESQ., Attorney (Via Telephone)

For the Department of Education:

NONE

NAMES AND TITLES OF PERSONS WHO APPEARED ON OCTOBER 18, 2017

For the Student:

ERIC SMALL, ESQ., Attorney (Via Telephone)

For the Department of Education:

DAVID MARK, District Representative (Via Telephone)

NAMES AND TITLES OF PERSONS WHO APPEARED ON FEBRUARY 8, 2018

For the Student:

ERIC SMALL, ESQ., Attorney (Via telephone)

For the Department of Education:

NONE

NAMES AND TITLES OF PERSONS WHO APPEARED ON MARCH 6, 2018

For the Student:

ERIC SMALL, ESQ., Attorney

For the Department of Education:

DAVID MARK, District Representative

NAMES AND TITLES OF PERSONS WHO APPEARED ON JUNE 6, 2018

For the Student:

ERIC SMALL, ESQ., Attorney

KIRA EPSTEIN, ESQ., Attorney

F     S     , Parent

For the Department of Education:

DAVID MARK, District Representative


NAMES AND TITLES OF PERSONS WHO APPEARED ON JULY 31, 2018

For the Student:

ERIC SMALL, ESQ., Attorney

For the Department of Education:

SVETLANA MARGULIS, District Representative

**Introduction**

This document constitutes the Decision and Order of the undersigned, the duly designated Impartial Hearing Officer (IHO) in an Impartial Hearing brought pursuant to the Individuals with Disabilities Education Act (IDEA) and the New York State Education Laws. The School District will be referred to as District, the parents as Parent(s) and the student will be referred to as Student. This is a "reimbursement case". The Parents filed a complaint notice dated June 29, 2017 (Ex. A). A pendency hearing was held on July 26, 2017 and a pendency order was issued. A hearing was held on September 26, 2017; October 18, 2017; February 8, 2018; March 6, 2018; and July 31, 2018.

**Overview**

In this Decision and Order I will briefly outline the positions of the parties and review some student history and will then move to apply a three-prong analysis to this case, examining first whether the District met its burden to demonstrate the appropriateness of their program, second whether the Parents met their burden to demonstrate the appropriateness of the placement at the Private School, and third whether equitable considerations favor the District or the Parents in this matter.

In this case, the District conceded FAPE. As the Student was not provided with an appropriate program and placement, and the District failed to respond to the Parents' concerns, the Parents had to find a program which would address the Student's needs. The evidence shows that the Private School an appropriate placement for the Student. The Private School has provided a program to teach the Student academic and life skills and provide related services. He has made progress in academic classes and related services (Ex. G, Ex. H, Ex. I, Ex. J). The Student has benefited from his program at the Private School. I therefore rule for the Parents, and order the District to provide payment of tuition to the Private School.

**Parents' Position**

In the complaint notice (Ex. A,), the Parents alleged that the District denied the Student a free appropriate public education (FAPE) for the 2017 – 2018 school year. The Parents are seeking prospective funding/tuition reimbursement and services for the Private School where they unilaterally placed the Student.

**District's Position**

During the hearing, the District conceded Prong I. However, the District challenged the Prong II unilateral placement as inappropriate for the Student. (T. 37-38).

**Student History**

At the time the complaint notice was filed, the Student was 18 years old (Ex. C) The Student is diagnosed with autism and pervasive developmental disorder (Ex. P1). The Student's overall cognitive functioning on the Weschler Adult Intelligent Scale – fourth edition (WAIS – IV) is in the extremely low range. The Student's abilities are on a pre-kindergarten level in reading, writing and math, as tested on the Weschler Individual Achievement Test – third edition (WIAT – III). (Ex. C)

**Procedural History**

An individual education program (IEP) meeting was held for the Student in February 2017 (Ex. P-1). The Parent testified that she expressed her concerns to the Committee on Special Education (CSE) members about their recommendations for the Student. She said that she later visited the proposed placement and did not consider the school environment to be appropriate for the Student. Specifically, the placement did not have any programs to address the Student's delays in activities of daily living and pre-vocational skills. (Ex. P).

The Parent then sent a letter to the CSE Chair, dated June 15, 2017, stating her concern that the February 8, 2017 IEP was not appropriate to meet the Student's needs, and that

based on her visit to the recommended placement, it could not implement the IEP, and would be too large for the Student to navigate independently. She stated her intention to enroll the Student in the Private School for the 2017-2018 school year, and seek funding if her concerns were not addressed. (Exp. D). The Parent testified that the District's only response (in July 2017) was that the letter was "not approved for settlement." (Ex. P-2).

**Analysis**

A board of education may be required to reimburse parents for their expenditures for private education services obtained for a student by his or her parents, if the services offered by the board of education were inadequate or inappropriate, the services selected by the parents were appropriate, and equitable considerations support the parents' claim. *Florence County Sch. Dist. Four v. Carter*. 510 U.S. 7 (1993); *Sch. Comm. Of Burlington v. Dep't. of Educ.*, 471 U.S. 359, 369-70 (1985).

**Prong I**

The purpose of IDEA is to provide students with a "basic floor of opportunity" of access to specialized instruction and related services that are individually designed to provide educational benefits. *Board of Education, Hendrick Hudson CSD v. Rowley*, 458 U.S. 176, 189-190, 102 S. Ct. 3034 (1982); *Walczak v. Florida UFSD*, 142 F.3d 119 (2nd Cir. 1998). Neither the IDEA, nor Article 89 of the New York State Education Law, requires a school district to provide special education and related services designed to maximize the potential of a disabled student. Nor do federal and state education laws require a school district to provide the best possible educational program and related services, or match those services requested by a parent. Application of a Child With a Disability (City School District of Buffalo), S.R.O. Decision 04-20 (2004). Rather, the goals and mandates of the IDEA and N.Y. Education Law are relatively modest: namely, to provide appropriate specialized education and related services sufficient for the disabled student to benefit from his/her education. *Straube v. Florida UFSD*, 801 F. Supp. 1164, 1175-

1176 (S.D.N.Y. 1992); *Moubry v. Independent School District*, 9 F. Supp.2d 1086, 1104 (D. Minn. 1998) (citing *Rowley*)

This straightforward obligation of the District is accompanied by the requirement to demonstrate the appropriateness of the program recommended by its CSE. (*Application of a Child Suspected of Having a Disability*, Appeal No. 93-9; *Application of a Child with a Handicapping Condition*, Appeal No. 92-7; *Application of a Handicapped Child*, 22 Ed Dept Rep 487 [1983]). To meet its burden, a board of education must show that its recommended program is reasonably calculated to confer educational benefits (*Bd. of Educ. v. Rowley*, 458 U.S. 176 [1982]). The recommended program must also be provided in the least restrictive environment (34 C.F.R. § 300.550[b]; 8 NYCRR200.6[a][1]).

The District failed to present any testimony or evidence regarding the appropriateness of its recommendations for the Student. The District failed to demonstrate why a 6:1:1 special class in a specialized school is appropriate for the Student. They did not call any witnesses to demonstrate that the IEP was appropriate or how it would be implemented in the District school, and failed to demonstrate that they provided a FAPE. *L.O. v. N.Y. City Dep't of Educ.*, 822 F.3d 95, 111 2016 U.S. App. LEXIS 9239. I, therefore, rule for the Parents on Prong I.

**Prong II**

I must now consider whether the Parents met their burden of proving the appropriateness of the placement of the Student at the Private School. On Prong II, New York federal courts have held that parental placements are "subject to fewer constraints than that applied to the school authorities." *Schreiber v. E. Ramapo Cent. Sch. Dist.*, 700 F. Supp 529 [S.D.N.Y. 2010] The Second Circuit has clearly stated:

> " . . . [P]arents need not show that a private placement furnishes every special service necessary to maximize their child's potential. They need only demonstrate that the placement provides educational instruction specially designed to meet the unique needs of a handicapped child, supported by such services as are necessary to permit the child to benefit from instruction." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105 [2d Cir. 2007] *quoting Frank G. v. Bd. of Educ.*, 459 F.3d 356, 364 [2d Cir. 2006]

Moreover, parents "may not be subject to the same mainstreaming requirements as a school board." *Frank G. v. Bd. of Ed. of Hyde Park* [2d Cir. 2006] *quoting M.S. v. Bd. of Ed. of City Sch. Dist. of Yonkers*, 231 F.3d 96, 105 [2d Cir. 2000] *citing Warren G. v. Cumberland County Sch. Dist.*, 190 F.3d 80, 84 [3d Cir. 1999] (holding that "the test for the parents' private placement is that it is appropriate, and not that it is perfect").

In this case the Program Director testified about the special education program at the Private School and the Student's progress. The Private School's special education program is for students with a variety of disabilities and special needs; it has a goal of helping students " reach their potential academically while also developing independence and life skills"( Ex. O-1). The program works with parents to generalize skills and includes pre-vocational opportunities in activities in the community. (Ex. O-1) The Student is in a self- contained class with nine other students, a New York State certified special education teacher , and three assistant teachers. (Ex. O-2) The Student is taught in small groups with one or two students on his level in reading and math skills where he is provided individual instruction (Ex. O-2). The Private School developed an individualized program for the Student in collaboration with the program director, the staff BCBA, the Student's teacher, and the principal. The Program Director, teacher, and related service providers have informal meetings almost daily. (Ex. O-1,2) The Student

receives related services in speech and language therapy, occupational therapy, physical therapy, and counseling (Ex. O- 3, 4). The Student has made progress in reading, writing, math, language, and social skills, has decreased his self – injurious behavior, improved in his ability to follow one step directions, and can now answer simple questions (Ex. O-2). The Student has made progress in his goals in speech and language therapy (Ex. I), in counseling (Ex. J), and occupational therapy, (Ex. H) The Teacher's report, dated February 2018 described the Student's progress with reading and math skills (Ex. G).

The Parent testified that the Student has made great progress at the Private School during the 2017 – 2018 school year in his social/emotional skills, behavior, focus, and basic academic skills (Ex. P – 2). She said that the school staff communicates regularly with her about the Student and are always available to address her concerns, and assist in helping generalize skills into the Student's home. (Ex. P-2).

I credit the evidence and the testimony of the Parent and the Program Director that the Private School provided educational benefit to the Student, and he made academic, and social- emotional progress.

**Prong III**
A board of education may be required to reimburse parents for their expenditures for private educational services obtained for a student by his or her parents where equitable considerations support the parents' claim (*Florence County Sch.Dist. Four v. Carter*, 510 U.S. 7 [1993]; *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369-70 [1985]; R.E., 694 F.3d at 184-85; T.P., 554 F.3d at 252). In *Burlington*, the Court found that Congress intended retroactive reimbursement to parents by school officials as an available remedy in a proper case under the IDEA (471 U.S. at 370-71; see *Gagliardo*, 489 F.3d at 111; *Cerra*, 427 F.3d at 192). "Reimbursement merely requires [a district] to belatedly pay expenses that it should have paid all along and would have borne in the first instance" had it offered the student a FAPE (*Burlington*, 471 U.S. at 370-71; see 20

U.S.C. § 1412[a][10][C][ii]; 34 CFR 300.148). The burden of proof is on the school district during an impartial hearing, except that a parent seeking tuition reimbursement for a unilateral placement has the burden of proof regarding the appropriateness of such placement (Educ. Law § 4404[1][c]; see R.E., 694 F.3d at 184-85; *M.P.G. v. New York City Dep't of Educ.*, 2010 WL 3398256, at 7 [S.D.N.Y. Aug. 27, 2010]).

Tuition reimbursement may be reduced or denied if parents do not provide notice of the unilateral placement either at the most recent CSE meeting prior to removing the child from public school, or by written notice ten business days before such removal, "that they were rejecting the placement proposed by the public agency to provide a [FAPE] to their child, including stating their concerns and their intent to enroll their child in a private school at public expense." (20 U.S.C. § 612[a][10][C][iii][I] ; see 34 C.F.R. § 300.148[d]) This statutory provision "serves the important purpose of giving the school system an opportunity, before the child is removed, to assemble a team, evaluate the child, devise an appropriate plan, and determine whether a [FAPE] can be provided in the public schools." (*Greenland Sch. Dist. v. Amy N.*, 358 F.3d 150, 160 [1st Cir. 2004]).

The Parent fully cooperated with the District, by participating at the IEP meeting, visiting the recommended placement, and informing the District of her concerns in June 2017. The District did not respond to the Parent's concerns. The District did not provide any evidence or witnesses to show that the Parent did not cooperate.

I therefore rule for the Parents and order the District to provide payment of tuition to the Private School in the amount of $67, 000 upon receipt of the invoice.

It is therefore **ORDERED**

**The District shall provide reimbursement for payments made to the Private School for tuition for the 2017/18 school year, and to the extent that there remains an**

**unpaid balance for the 2017/18 school year, direct payment shall be made for tuition.**

Dated: September 12, 2018

*Martin J. Kehoe III, Esq. gc*
MARTIN J. KEHOE III, ESQ.
Impartial Hearing Officer

MJK:gc

**PLEASE TAKE NOTICE**

The parent and/or the New York City Department of Education has a right to obtain a review of this decision by a State Review Officer of the New York State Education Department under Part 200.5(k) of the Regulations of the Commissioner of Education, Section 4404 of the Education Law, and the Individuals with Disabilities Education Act. The Department of Education has designated the New York City Law Department to accept service of papers on its behalf, including appeals of decisions of Impartial Hearing Officers. Such service is made at 100 Church Street, New York, NY 10007 at the Messenger Center.

Hearing Officer's Findings of Fact and Decision 11

Case No. 166745

---

DOCUMENTATION ENTERED INTO THE RECORD

PARENT

| | |
|---|---|
| A | Impartial Hearing Request, 6/29/17, 5 pages |
| B | Due Process Response, 7/3/17, 3 pages |
| C | Psychoeducational Evaluation Report, 12/21/16, 5 pages |
| D | Letter from F____ and M____ S____ to Arlene Rosenstock and Fax Confirmation, 11/8/11, 5 pages |
| E | S.T.E.P. Program Description, 2017-2018, 2 pages |
| F | Daily Schedule, 2017-2018, 1 page |
| G | Teacher's Report, 2/2018, 2 pages |
| H | Occupational Therapy Report, 2/2018, 3 pages |
| I | Speech-Language Therapy Report, undated, 3 pages |
| J | Counseling Report, 1/2018, 2 pages |
| K | Physical Therapy and Goals 2/2018, 2 pages |
| L | Signed Enrollment Contract, 9/14/17, 2 pages |
| M | Program Affidavit, 1/15/18, 1 page |
| N | U.S. Individual Income Tax Return, 2016, 2 pages |
| O | Affidavit of Testimony of Rachel Schwab, 5/29/18, 4 pages |
| P | Affidavit of Testimony of F____ S____ 5/29/18, 2 pages |